UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

KAREN PARKER,

    Plaintiff,

v.

SENTRY INSURANCE COMPANY,

    Defendant.
_____/

**NOTICE OF REMOVAL**

Defendant Sentry Insurance Company ("Sentry"), by and through its undersigned counsel, hereby removes all further proceedings from the Circuit Court of the 5th Judicial Circuit in and for Lake County, Florida, to the United States District Court for the Middle District of Florida. The basis for removal is as follows:

**I.    THE PARTIES**

1. Plaintiff Karen Parker ("Plaintiff") filed a Complaint against Sentry bearing Case No. 35-2023-CA-000163 in the Circuit Court of the 5th Judicial Circuit in and for Lake County, Florida (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a) and the Local Rules of the Middle District of Florida, a copy of the entire state court file, including the Complaint ("Complaint" or "Compl.") as well as the state court docket is attached as **Composite Exhibit A.**

2. Ms. Parker is an individual residing in Lake County, Florida, and is deemed to a citizen of the State of Florida. *See* Compl. ¶ 3.

3. Defendant Sentry is an insurance company organized and existing under the laws of the State of Wisconsin and maintains its principal place of business at 1800 North Point Drive, Stevens Point, Wisconsin 54481. Thus, Sentry is deemed a citizen of the State of Wisconsin.

## II. THE STATE COURT ACTION

4. Plaintiff's Complaint relates to a claim for benefits provided under a long-term care insurance policy (the "Policy") issued to Ms. Parker by Sentry. *See* Compl. ¶¶ 3 – 21.

5. The Complaint was served on Sentry by way of the Florida Chief Financial Officer on February 13, 2023. *See* Composite Exhibit A at Service of Process Transmittal. Thus, this Notice of Removal is timely under Fla. Stat. § 624.423(2) because it is filed within 30 days of service of the Complaint through Florida's Chief Financial Officer.

6. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of the 5th Judicial Circuit in and for Lake County, Florida, where the Complaint was filed, lies within the Middle District of Florida and a substantial part of the events giving rise to this cause of action are alleged to have occurred in Lake County, Florida. *See* Compl. ¶ 3.

### III.  FEDERAL DIVERSITY JURISDICTION EXISTS

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, and Sentry may remove the State Court Action pursuant to 28 U.S.C. § 1441 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

#### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

8. Because Plaintiff is a citizen of Florida, and Sentry is a citizen of the State of Wisconsin, complete diversity of citizenship exists between the parties and the Complaint is removable under 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

#### B. The Jurisdictional Amount in Controversy Required For Removal Has Been Satisfied

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

10. The Complaint alleges a cause of action for breach of contract. *See* Compl. ¶¶ 4–20. Specifically, Plaintiff alleges she suffered damages because Sentry declined and refused to make payment to Plaintiff under the Policy. *Id.* ¶ 19. In the Complaint, Plaintiff seeks an unspecified amount ". . . in excess of $30,000 . . ." of damages for past, present, and future benefits allegedly due under the Policy. *See* Compl. ¶¶ 1, 20.[1]

---

[1] "The Court must review the amount in controversy at the time of removal" to determine whether the claim meets this jurisdictional requirement. *Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F.

11. Thus, although the Complaint does not allege a specific amount of damages, it puts in controversy *at least* the amount of benefits sought by Ms. Parker from the time that he first submitted a claim for benefits under the Policy to Sentry (November 1, 2021) through the time of removal (March 6, 2023) (491 days). *See* Compl. ¶5; *see also* Declaration of Randy Rabe ("Rabe Decl.") ¶ 4, attached as **Exhibit B**.

12. Pursuant to the Policy (attached at Composite Exhibit A), the Policy affords a $263.33 maximum Nursing Home Daily Benefit. Ex. A at p. 11-12, Statement of Current Benefits; Rabe Decl. ¶ 5. The Policy also has a 90-day Waiting Period (which requires Plaintiff to incur expenses for 90 days before the Policy will pay benefits). Ex. A at p. 16, Waiting Period; Rabe Decl. ¶ 5. Therefore, using the most conservative calculation, the Complaint places in controversy - at a *minimum* - approximately $112,624.05 in controversy with respect to contractual benefits (*i.e.*, the maximum Nursing Home Daily Benefit under the Policy, multiplied by the number of days alleged to be at issue [from November 1, 2021 to the date of removal, March 6, 2023], less the 90-day Waiting Period). Rabe Decl. ¶ 5. Although Sentry does not concede that this is an appropriate measure of damages in this case nor that is liable for such damages, Sentry provides these calculations for purposes of establishing that this is just one portion of the total amount of actual damages Plaintiff has placed in controversy in her lawsuit, which is the appropriate number to be used for removal

---

Supp. 2d 1211, 1213 (M.D. Fla. 2010) (referencing *Pease v. Medtronic, Inc.*, 6 F.Supp.2d 1354, 1356 (S.D. Fla. 1998).

US.355979004.02

purposes to determine whether the jurisdictional threshold has been met. Rabe Decl. ¶ 5.

13. In addition, Plaintiff has placed in controversy the amount of premiums paid to Sentry for the Policy. Rabe Decl. ¶ 6. If Plaintiff were eligible for benefits under the terms and conditions of the Policy, as alleged in the Complaint, then she may have been entitled to a refund of the premiums she paid to keep the Policy in force during the time in which she was benefit eligible under the Waiver of Premium provision. Ex. A at p. 17, Waiver of Premium; Rabe Decl. ¶ 6.

14. Plaintiff alleges she moved into Village Veranda at Lady Lake (the "Assisted Living Facility") on November 1, 2021 and started to incur costs as of that date. Compl. ¶ 5; Rabe Decl. ¶ 7.

15. Plaintiff paid at least $549.12 in premiums, which also must also be included for purposes of determining the amount in controversy. Rabe Decl. ¶ 8. Arguably, Ms. Parker paid even more in premiums that she may be entitled to recoup as part of her breach of contract claim. Here, Sentry has applied the most conservative approach. Rabe Decl. ¶ 8.

16. A defendant seeking to remove an action to federal court has the burden of proving by a preponderance of the evidence that the amount in controversy requirement for exercise of diversity jurisdiction have been met. *Dewitte v. Foremost Ins. Co.*, 171 F.Supp.3d 1288, 1289 (M.D. Fla. 2016) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The law in Florida is such that, where jurisdiction is dependent on the amount involved in the case, the question turns not

US.355979004.02

upon the amount actually recoverable, but the test is the amount claimed and put into controversy in good faith. *Richter Jewelry Co., Inc. v. Harrison*, 147 Fla. 732 (Fla. 1941), *citing Knudsen v. Green*, 116 Fla. 47 (Fla. 1934); *see also A. Mortellaro & Co. v. Atlantic Coast Line R. Co.*, 91 Fla. 230 (1926); *Hutchinson v. Courtney*, 86 Fla. 556 (1923); *Gannett v. King*, 108 So.2d 299 (Fla. App. 1959).

17.  In the Complaint, Plaintiff has placed all of the benefits due under the Policy from November 1, 2021 through the time of removal (or "all times material"), in controversy. Compl. ¶ 4, 5. Therefore, the entire amount that is placed into controversy by the Plaintiff governs – not the actual exposure or amount that Plaintiff might recover once this matter is fully litigated. *See id*. When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy." *Dewitte*, 171 F.Supp.3d at 1289 (citing *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753-54 (11th Cir. 2010))[2]. Where, as here, Plaintiff seeks an unspecified amount in damages, the defendant satisfies its burden of proving the amount in controversy requirement when it shows that the amount "more likely than not" exceeds $75,000. *Id*.

18.  Although Sentry disputes any liability, as demonstrated in the chart below, the total amount in controversy here includes, at a minimum: (1) the maximum

---

[2] In *Pretka*, the Eleventh Circuit explained that courts are permitted to consider evidence of the amount in controversy if the complaint does not allege a specific amount of damages. *Pretka*, 608 F.3d at 754. Permissible evidence includes documentation and is not limited in scope by the substantive jurisdictional requirements of removal. *Id*. at 755. Following *Pretka*, this Court can therefore consider the Policy, its provisions, and the date on which Plaintiff first sought benefits thereunder (November 1, 2021). *Id*.

US.355979004.02

potential available benefits under the Policy beginning, as alleged in the Complaint, from November 1, 2021 through the time of removal, less the 90-day Waiting Period (at least $112,624.05); and (2) a return of premium paid pursuant to the waiver of premium provision in the Policy (at least $549.12). Rabe Decl. ¶ 9. Thus, the total alleged damages at issue, $113,173.17, are in excess of the required $75,000 threshold.[3] Rabe Decl. ¶ 9.

| Year | Nursing Home Benefit Amount (With Inflation Protection – 5% Compounded Annually) | Days of Benefit Being Claimed | Total Benefit Being Claimed | Waiver of Premium (As of 11/1/1995, Premium is $408.00. Equals Daily Rate of $1.12) | Total (Total Benefit Being Claimed + Waiver of Premium |
|---|---|---|---|---|---|
| 2021 (11/1/21 – 12/31/21) | $265.33 | 61 days | $16,185.13 | $68.32 | $16,253.45 |
| 2022 (1/1/22 – 12/31/22) | $278.60 | 365 days | $101,689.00 | $408 | $102,097.00 |
| 2023 (1/1/23 – 3/6/23) | $292.53 | 65 days | $19,014.45 | $72.80 | $19,087.25 |

---

[3] *See Dewitte v. Foremost Ins. Co.*, 171 F. Supp. 3d 1288, 1290 (M.D. Fla. 2016) (rejecting a plaintiff's argument that the potential amount in controversy should be limited and instead holding that "the Court's inquiry at the jurisdictional stage is to look at the amount in controversy at the time of removal").

**TOTAL:** $137,437.70 (total for 11/1/2021 to 3/6/2023) less $24,264.53 (*90-Day Waiting Period – Nursing Home Benefit Amount x 90 days*[4]) = **$113,173.17.**[5] Rabe Decl. ¶ 9.

19.  Accordingly, the Complaint is removable pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

IV.  **NOTICE OF REMOVAL**

20.  Written notice of the removal of this action has provided contemporaneously to Plaintiff through his attorneys of record, and a Notice of Removal has been filed with the Clerk of the Circuit Court of the 5th Judicial Circuit, in and for Lake County, pursuant to 28 U.S.C. § 1446(d).

V.  **CONCLUSION**

21.  Through this notice and attachments, Sentry does not waive any defenses or objections it may have in this action. Likewise, Sentry intends no admissions of fact, law or liability by this notice, and reserves all defenses, motions and pleas. At this time, Sentry requests only that this action be removed to this Court, that all further proceedings in state court be stayed, and that Sentry obtain all additional relief to which it is entitled.

**WHEREFORE**, Defendant Sentry Insurance Company, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the 5th Judicial Circuit in

---

[4] 90 days calculated with 61 days in 2021 at $265.33 ($16,185.13 total) plus 29 days in 2022 at $278.60 ($8,079.40 total) to get the total for the 90-day waiting period. Rabe Decl. ¶ 9 n.1.

[5] Even without inflation protection, the amount in controversy would still be met. Without adjusting for inflation protection, the total for the same time period would be: $130,826.15 (*Claimed Benefits + Waiver of Premium*) - $23,879.70 (*90-Day Waiting Period*) = **$106,946.45**, which is still above the $75,000 threshold. Rabe Decl. ¶ 9 n.2.

and for Lake County, to the United States District Court for the Middle District of Florida.

Dated: March 6, 2023

Respectfully submitted,

*/s/   Emilia A. Quesada*
Emilia A. Quesada, Esq.
Florida Bar No. 0092945
SMGQ Law
1200 Brickell Avenue
Suite 950
Miami, Florida 33131
Telephone:   (305) 377-1000
Fax:              (855) 898-1359
Primary:      EQuesada@SMGQLAW.com
Secondary:  RBarroso@SMGQLAW.com
  *Counsel for Defendant Sentry Insurance Co.*

## CERTIFICATE OF SERVICE

I, Emilia A. Quesada, Esq., hereby certify that on March 6, 2023, the foregoing was filed via the Court's cm/ecf system which provides notice to counsel of record:

Steve M. Dunn, Esquire
11900 Biscayne Blvd.
Suite 600
Miami, Florida 33181
Telephone:   (305) 868-1400
Fax:  (305) 868-1409
SDunn@smdunnlaw.com
  *Counsel for Plaintiff*

*/s/ Emilia A. Quesada*
Emilia A. Quesada, Esq.